■ HARRY FOX, Respondent, v. TREASURE PRODUCTIONS, INC., Appellant. (And Three Other Proceedings.) — In four separate proceedings by a judgment creditor, each against a different judgment debtor to enforce a respective money judgment entered by confession against the debtor, the judgment debtors appeal from an order of the Supreme Court, Westchester County, entered December 17, 1965, which denied the motion of Manlio Severino (one of said debtors) inter alia: (1) to vacate (a) a decision of said court adjudging him in contempt of court, (b) subpœnas served upon him, and (c) all the judgments, upon payment of $1,000 to the judgment creditor; and (2) to vacate all the judgments on the ground of fraud and misconduct, pursuant to CPLR 5015 (subd. [a], par. 3). Order reversed, without costs, and motion remitted to Special Term for a hearing and determination de novo. Serious factual issues have been raised upon this motion which cannot properly be decided without a hearing. Hill, Acting, P. J., Rabin, Hopkins and Benjamin, JJ., concur.

■ INTER-PROVINCIAL COMMERCIAL DISCOUNT CORPORATION LIMITED, Appellant-Respondent, v. PLASTIC PROCESSES, INC., Respondent-Appellant.— In an action to recover for goods sold and delivered, (1) plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered March 2, 1965, as denied plaintiff's motion for summary judgment and denied, with leave to renew, plaintiff's separate motion for leave to amend the complaint; and (2) defendant cross-appeals, as limited by its brief, from so much of said order as denied its cross motion for summary judgment. (The record contains an order dated April 6, 1965, which denied plaintiff's motion and defendant's cross motion to reargue their respective original motions for summary judgment.) Order entered March 2, 1965 modified to the extent of granting plaintiff's motion to amend the complaint. As so modified, order, insofar as appealed from by the respective parties, affirmed, without costs. The proposed additional causes of action and prayer for relief contained in the record shall be deemed incorporated in the original complaint and defendant's time to answer is extended until 20 days after entry of the order hereon. Leave to amend should be "freely given" (CPLR 3025, subd. [b]). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.